IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS, | No. 2:22-CV-0379-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

---

[1] At the time Plaintiff initiated this action, he was incarcerated at the Sacramento County Jail. Plaintiff has since been released.

1

means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) the Sacramento County Superior Court; (2) the County of Sacramento; (3) the Sacramento County District Attorney's Office; and (4) the Sacramento County Criminal Defender Defense Panel.  Plaintiff alleges a number of constitutional claims related to his confinement in the Sacramento County Jail as a pre-trial detainee.  These range from interference with mail, interference with access to the courts, interference with attorney-client privilege, and conditions of confinement claims.  Plaintiff also alleges claims against the county prosecutor's office and, apparently, the criminal defense panel, related to a criminal case against him.  Plaintiff alleges that he has been wrongfully denied bail and wrongfully incarcerated.  Plaintiff further appears to allege violations of his rights to counsel, to an adequate defense, and to a speedy trial.

## II.  DISCUSSION

The Court finds that Plaintiff's complaint is generally well-plead, including sufficient allegations of custom and policy to support municipal liability.  Service therefore appears to be appropriate as against the County of Sacramento and its subsidiary agency defendants.  Plaintiff's complaint, however, is deficient as against the Sacramento County Superior Court because that entity is an arm of the state and, as such, is immune from suit under the Eleventh Amendment.  Moreover, to the extent Plaintiff intends to hold individuals liable, the

complaint is insufficient because his allegations do not establish a causal link to any individual.

### A. Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff has named as a defendant the Sacramento County Superior Court, apparently under the impression that this is a county entity. The Sacramento County Superior Court, however, is an arm of the Superior Court of the Sate of California, which is in turn an arm of the State of California. As such, the state court is immune from suit.

### B. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The Court provides the above context to the extent Plaintiff intends to hold individuals liable for the various violations alleged in the complaint. If he so intends, the Court will provide Plaintiff an opportunity to amend to allege the particular conduct of any individuals identified.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  November 18, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE